# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:02-CR-469 CAS |
| v. | ) | |
| | ) | |
| | ) | |
| THOMAS NOEL CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on defendant's Motion to Correct Clerical Error in Judgment and Commitment Order. For the reasons set out below, the Court will deny this motion.

Defendant Thomas Craig is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. On February 11, 2003, defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After defendant entered his plea of guilty, the United Stated Probation Office prepared a Presentence Investigation Report for the Court. As reflected in the this report, the Probation Office concluded that the recommended guideline imprisonment range for defendant was from 92 to 115 months. On May 6, 2003, the Court sentenced defendant to 115 months imprisonment. The Court also determined that defendant was entitled to a credit for the time he had been serving on state charges arising out of the same incident. The Court found that defendant was entitled to a 16-month, 23-day credit to the sentence. Thus, instead of imposing a sentence of 115 months, the Court imposed a sentence of 99 months.

The Judgment entered states as follows:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 99 months.

The term of imprisonment represents a sentence reduction for time served from December 14, 2001 to April 29, 2003, which is approximately 16 months and 23 days, served under Docket No.'s CR201-000819F and CR201-000756F, Adair County, Missouri Circuit Court in the Missouri Department of Corrections pursuant to U.S.S.G. Section 5G1.3(b). The sentence shall run concurrently with the balance of the sentence the defendant is currently serving in the Missouri Department of Corrections under the above referenced docket numbers. This sentence is not a departure from the guideline range but provide the defendant with credit for time served in a related case pursuant to U.S.S.G. Sections 5G1.3(b).

Judgment in a Criminal Case, May 6, 2003, 4:02CR469 (CAS) [Doc. 27].

In his motion to correct clerical error, defendant argues that the Bureau of Prisons ("BOP") calculated his sentence to be 99 months beginning May 6, 2003. Defendant states that the BOP's calculation does not take into account his 16-month, 23-day credit. Defendant seeks an amended judgment sentencing him to the custody of BOP for 82 months and 7 days.

Defendant's position is not supported by the record. The Judgment entered May 6, 2003 imposed a 99-month sentence and this sentence took into account the credit of 16 months. The Judgment in a Criminal Case clearly reflects this. See id. Because defendant's position is unsupported by the record, defendant's motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Correct Clerical Error in Judgment and Commitment Order is **DENIED**. [Doc. 30].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of June, 2007.